IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| EILEEN "ANDREA" CHASE, BLYTHE MAYFIELD, and SOLOMON FAMILY SOLUTIONS, INC. *Plaintiffs,* ANDREW MORGAN *Defendant* | Case No. JURY DEMANDED |

## COMPLAINT

Comes now the Plaintiffs, ANDREA CHASE, BLYTHE MAYFIELD, and SOLOMON FAMILY SOLUTIONS, and for their Complaint show the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by the Constitution of the United States of America.

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States of America.

3.      The Plaintiffs assert claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to the Plaintiffs by the Constitution or laws of the United States

1

of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4.     This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the defendant resides in this judicial district.  Additionally, a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

PARTIES

5.     Plaintiff Eileen "Andrea" Chase is an adult resident of Bradley County, Tennessee. She is one of the co-founders and co-executive directors of Solomon Family Solutions, and she is also Tennessee Licensed Professional Counselor with a Mental Health Service Provider designation (LPC-MHSP) and a California licensed attorney.

6.     Plaintiff Blythe Mayfield is an adult resident of Bradley County, Tennessee. She is the other co-founder and co-executive director of Solomon Family Solutions. She is also a Registered Art Therapist (ATR).

7.     Plaintiff Solomon Family Solutions ("SFS") is a non-profit Corporation licensed in Tennessee to serve as a child and family welfare agency based in Bradley County.

8.     Defendant Andrew Morgan is an adult resident of Bradley County, Tennessee who formerly represented Solomon Family Solutions before being elected as the Bradley County Juvenile Court Judge.  Andrew Morgan is sued in his individual capacity.

## FACTUAL ALLEGATIONS

9.      In 2015, Solomon Family Solutions was founded by Blythe Mayfield and Andrea Chase with a purpose of providing child and family welfare and counseling services to people in Southeast Tennessee.   Primarily, the target clientele were those individuals who were involved with (or who were likely to become involved with) local court systems.

10.      In 2016, SFS became a licensed child placement agency and licensed child abuse prevention agency through Tennessee's Office of Child Welfare Licensing.

11.      The services provided by SFS included supervised visitations where a family law court had ordered the same.

12.      SFS derives the majority of its business through the provision of services to families who are involved in the local court systems.

13.      During this time, Defendant Morgan practiced law in Bradley County.

14.      Defendant Morgan met Plaintiff Mayfield through a mutual friend, Athena Pendergrass.

15.      Athena Pendergrass previously worked with Defendant Morgan at Richard Banks Law Office for years before Defendant Morgan started his solo practice.

16.      Defendant Morgan also represented clients in cases where the Plaintiffs provided supervised visitation services.

17.      In 2016, Plaintiff SFS needed legal representation and Defendant Morgan became the organization's lawyer.

18.      Plaintiff SFS consulted with Defendant Morgan for legal advice on several

3

occasions between 2016 and 2020.

19. In 2020, Defendant Morgan began his campaign for Bradley County Juvenile Court Judge.

20. Based on his candidacy, Defendant Morgan and Plaintiff SFS discussed how best to proceed with their collaborative efforts in the community and his work as the organization's attorney in the event of his election.

21. Defendant Morgan and Plaintiff SFS agreed to find other legal representation in the event Defendant Morgan was elected.

22. Defendant Morgan interviewed Plaintiff Mayfield to promote his campaign and maintained a close relationship with Plaintiff Mayfield throughout the campaign.

23. In July 2021, an incident occurred that caused the personal relationship between Defendant Morgan and Plaintiff Mayfield to sour.

24. Following the July 2021 incident, Defendant Morgan blocked Plaintiff Mayfield's phone number and refused to respond to her inquiries regarding cases they were working on together.

25. Defendant Morgan was elected as the General Sessions Judge for Bradley County Division 1 and took the bench in September 2022.

26. Pursuant to Tenn. Code Ann. § 37-1-203, the General Sessions Judge for Bradley County Division 1 exercises juvenile court jurisdiction.

27. During the twelve months following his ascent to the bench, Andrew Morgan began publicly promoting an SFS competitor, Blended Recovery, as the juvenile court's preferred provider of child and family welfare services.

4

28. In May 2023, without any authorization from Bradley County's executive or legislative bodies, Judge Morgan announced that that the Bradley County Juvenile Court was "partnering" with Blended Recovery (a direct competitor to SFS) and that they would be leasing space in the Bradley County Juvenile Justice Center.

29. On June 17, 2023, Plaintiff Chase exchanged emails with Defendant Morgan where she asked about the availability of space in the Juvenile Justice Center for lease by SFS. Morgan responded that no space was available.

30. On July 17, 2023, the Bradley County Commission passed Resolution 2023-34 authorizing the Bradley County Mayor to "negotiate and enter into a one (1) year lease agreement with three additional optional one-year (1) renewal periods between Bradley County and Blended Recovery counseling services regarding the lease of office space at the Bradley County Juvenile Justice Center for an amount of Fourteen Thousand Four Hundred Dollars ($14,400.00) per year payable in monthly installments."

31. On July 17, 2023, Andrea Chase made a report to the Tennessee Department of Children's Services alerting them to perceived issues with Judge Morgan's conduct including his attempt to create a local monopoly for Blended Recovery over the types of services offered by SFS.

32. On July 31, 2023, Andrea Chase made a complaint against Judge Morgan with the Tennessee Board of Judicial Conduct raising similar claims to those in her July 17, 2023 report to the Department of Children's Services.

33. Between July and December 2023, Judge Morgan continued to exercise his

influence outside the courtroom to sway community members and judges in other jurisdictions to stop doing business with the Plaintiffs.

34. On December 19, 2023, Andrea Chase started a TikTok account "@impeachjudgemorgan" which featured a masked individual criticizing Morgan and promoting juvenile justice reform. See Exhibit 1 – *TikTok* video thumbnails.[1]

35. The @impeachjudgemorgan TikTok account did not identify the author or the individual behind the mask, but Defendant Morgan believed that Plaintiffs Chase and Mayfield were behind it.

36. In December 2023, Andrea Chase made another report to the Tennessee Department of Children's Services based on her information and belief that Judge Morgan may have been sleeping at the juvenile detention center overnight on at least one occasion.

37. As a result of Ms. Chase's December 2023 report, Tennessee's Department of Children's Services sent an investigator to drop in on the Bradley County Juvenile Detention Center.

38. DCS's unannounced December 2023 visit enraged Judge Morgan.

39. Defendant Morgan believed that Plaintiffs Mayfield and SFS were also involved in the complaints to state agencies and the @impeachjudgemorgan account.

40. Judge Morgan immediately contacted SFS's board president Destiny Arnold and stated that "Your girl has gone too far!" and that he was going to "go nuclear" because of Andrea Chase's report to DCS.

---

[1] https://www.tiktok.com/@impeachjudgemorgan

41.     Over the following months, Defendant Morgan maintained an unwritten policy that the Plaintiffs and their employees were prohibited from providing services to families who were involved in juvenile court proceedings.

42.     Defendant Morgan's maintenance of that unwritten policy was an official act under color of state law.

43.     Defendant Morgan's maintenance of that unwritten policy was not a judicial act.

44.     In May of 2024, Judge Andrew Morgan "went nuclear" and authored a letter stating:

"To Whom It May Concern;

Solomon Family Solutions has been removed as a service provider in Bradley County Juvenile Court due to the following bad acts by Solomon Family Solutions Executive Directors and staff:

Repeated breaches of confidentiality and HIPAA
Repeated, blatant, lying to the Court and the public.
Failure to address the Court's concerns with bias in their services and in their testimony.
Failure to address the Court's concerns with the lack of neutrality shown in cases that require it.
Repeated filing of false reports to the Department of Children [sic] Services.
Retaliative filing of false reports to the Department of Children [sic] Services.
Knowingly spreading false information in an attempt to smear other service providers.
Continued attacks on the integrity of the Court staff.
Knowingly making false allegations of pecuniary gain by the Court in exchange for children.
Knowingly making false allegations of pecuniary gain by the Court in exchange for building improvement contracts.
Credible allegations of altering Court reports to benefit a preferred parent by SFS directors.
Allowing unlicensed, untrained, and unqualified employees to conduct therapeutic visitations with high-risk families, unbeknownst to the Court.
Leaving untrained female staff alone with sex offenders.

7

Intentionally causing conflict with parents that the staff has a bias against in an effort to remove the parent from services.
Harassment of Court staff.
Allegations of Executive Directors appearing in Court intoxicated.
Making threats of violence against the Judge.
Knowingly making libelous statements about the Judge.
Knowingly making slanderous statements about the Judge, Court staff and others.
Making false public statements intended to denigrate former employees.
Threatening to breach confidentiality of a former client/patient.
Astounding lack of professionalism.

Due to the foregoing reasons, Solomon Family Solutions, Andrea Chase and Blythe Mayfield will not be utilized in any way by the Bradley County Juvenile Court.

Best Regards,

Judge Andrew B. Morgan."

*Exhibit 1 – May 2024 Letter by Andrew Morgan*

45. Defendant Morgan's dissemination of the May 2024 letter was an official act under color of state law.

46. Defendant Morgan's dissemination of the May 2024 letter was not a judicial act.

47. Defendant Morgan wrote the letter in a manner calculated to convey to its readers that the statements therein constituted official findings by a tribunal with the jurisdiction to make such findings.

48. The factual findings in Defendant Morgan's letter are false.

49. Defendant Morgan caused the letter to be disseminated at some point during the first fifteen days of May 2024 in the legal community in Bradley County and surrounding counties where the Plaintiffs provide services.

50.     In stating that the Plaintiffs "will not be utilized in any way by the Bradley County Juvenile Court," Defendant Morgan's words were intended to convey, and were reasonably understood by the letter's readers to mean, that the Plaintiffs were prohibited from offering child welfare services to individuals who were current or prospective parties to Bradley County Juvenile Court cases.

51.     Defendant Morgan did not send the letter directly to SFS, Chase, or Mayfield.

52.     Defendant Morgan never provided notice or opportunity to be heard to SFS, Chase, or Mayfield before making the findings in this letter.

53.     Plaintiffs SFS, Chase, and Mayfield were never given a chance to defend themselves against the statements made by Defendant Morgan.

54.     Plaintiffs SFS, Chase, and Mayfield became aware of the letter's dissemination on May 15, 2024, from third parties.

55.     No process exists to provide Plaintiffs SFS, Chase, and Mayfield with an opportunity to challenge or collaterally attack the letter because it did not arise within any pending case and they were not parties to any matter before Defendant Morgan.

56.     Defendant Morgan, acting as a juvenile court judge, may only exercise those powers that have been conferred on juvenile courts by statute.

57.     No statute authorized Defendant Morgan to exercise jurisdiction over the crimes, torts, and violations of federal law described in the May 2024 letter.

58.     No statute authorized Defendant Morgan to prohibit child welfare agencies from providing services to current or future parties to the Bradley County Juvenile

Court.

59.     No statute provided Defendant Morgan with subject matter jurisdiction to make any of the findings included in his May 2024 letter.

60.     The Tennessee Department of Children's Services is exclusively responsible for the licensing and regulation of private child welfare agencies in Tennessee. *See* Tenn. Code Ann. § 71-3-501 *et seq* and Tenn. Comp. R. & Regs. 0250-04-09-.01 *et seq.*

61.     The Professional Art Therapy advisory committee is exclusively responsible for the licensing and regulation of Registered Art Therapists in Tennessee. Tenn. Code Ann. § 63-11-401 *et seq*.

62.     The Board for Professional Counselors is exclusively responsible for licensing and regulation of professional counselors in Tennessee. Tenn. Code Ann. § 63-22-101 *et seq.*

63.     No statute authorizes Defendant Morgan to regulate or limit the ability of child welfare agencies like SFS to provide services in Bradley County.

64.     No statute authorizes Defendant Morgan to regulate or limit the ability of Tennessee Licensed Professional Counselors to provide services in Bradley County.

65.     No statute authorizes Defendant Morgan to regulate or limit the ability of Registered Art Therapists to provide services in Bradley County.

66.     Plaintiffs SFS, Chase, and Mayfield were never parties to any action before Defendant Morgan.

67.     Neither plaintiff Chase nor plaintiff Mayfield ever testified in court before

Defendant Morgan.

68. Defendant Morgan did not have subject matter jurisdiction to make any of the legal findings contained in his May 2024 letter.

69. As a direct result of Defendant Morgan's dissemination of the letter, Plaintiffs' reputations in the community were severely damaged.

70. A significant number of the Plaintiffs' clients cancelled bookings.

71. Attorneys in Bradley County and the surrounding counties stopped working with the Plaintiffs in active cases and stopped referring clients.

72. Juvenile courts in other counties terminated their partnerships with SFS following the dissemination of Defendant Morgan's letter.

73. On May 16, 2024, Defendant Morgan sent an email to SFS board members where he admitted, *inter alia,* that factors motivating his conduct included Chase's complaint against him with the "board of Judiciary [sic]," and her posts on her social media accounts. *Exhibit 2 – May 16, 2024 Email from Defendant Morgan.*

74. Morgan further threatened SFS's board that because "State Rep Candidate Andrea Chase is soliciting stories from the public about the 'atrocities' committed against them by a variety of groups from the Courts to private attorneys to DCS," he would exercise his "right to keep SFS out of [his] court." *Id.*

75. Defendant Morgan continues to maintain a policy that prohibits current and future litigants in the Bradley County Juvenile Court from utilizing the plaintiff's services.

76. Defendant Morgan continues to promote the false statements contained in

his May 2024 letter to third parties with the purpose of driving the plaintiffs out of business.

77. Defendant Morgan's May 2024 letter and his policies precluding the Plaintiffs from providing services to families involved in Bradley County's Juvenile Court have eliminated a large portion of the Plaintiffs' client base throughout the region and continue to cause significant and ongoing financial harm likely to result in the financial insolvency of SFS.

**COUNT 1: RETALIATION AGAINST**
**FIRST AMENDMENT PROTECTED SPEECH**
**42 USC § 1983**
**(All Plaintiffs)**

78. Andrea Chase was engaged in constitutionally protected activity when she made the July 17, 2023 report to the Tennessee Department of Children's Services against Andrew Morgan.

79. Andrea Chase was engaged in constitutionally protected activity when she made the July 31, 2023 complaint against Andrew Morgan with the Tennessee Board of Judicial Conduct.

80. Andrea Chase was engaged in constitutionally protected activities when she made posts on the "@impeachandrewmorgan" TikTok account and other social media pages criticizing Andrew Morgan.

81. Andrea Chase was engaged in constitutionally protected conduct when she made the December 2023 report to the Tennessee Department of Children's Services.

82. Defendant Morgan mistakenly believed that Plaintiffs Mayfield and SFS were also participating in Andrea Chase's speech activities and intended to punish them

for engaging in that speech by disseminating the May 2024 letter, the May 2024 email, and maintaining a policy banishing them from providing services to people who are or may become parties to Bradley County Juvenile Court cases.

83. Andrew Morgan's adverse actions (disseminating the May 2024 letter, the May 2024 email, and maintaining a policy banishing them from providing services to people who are or may become parties to Bradley County Juvenile Court cases) would chill a person of ordinary firmness from engaging in those protected activities.

84. Andrew Morgan's May 2024 letter was motivated at least in part by the exercise of Andrea Chase's First Amendment rights.

## COUNT 2: VIOLATION OF THE FIRST AMENDMENT THROUGH COERCION OF A THIRD PARTY
### 42 U.S.C 1983
### (Plaintiff Chase Only)

85. Andrea Chase's reports to DCS, her report to the Board of Judicial Conduct, and her social media posts were protected speech.

86. Neither Solomon Family Solutions nor Blythe Mayfield actually participated in these protected activities.

87. Defendant Morgan's May 2024 letter (Exhibit 2) and May 16, 2024 email (Exhibit 3) constitute punishment and explicit threats of further retaliation against SFS, Mayfield, and all of SFS's other employees based on Plaintiff Chase's protected speech.

## COUNT 3: VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS
### 42 U.S.C. § 1983
### (All Plaintiffs)

88. Plaintiffs were deprived by Defendant Morgan of protected liberty and

property interests, including:

a) The right to contract with clients including those who may become litigants in juvenile court proceedings.

b) The right to practice their occupations and offer services as licensed by Tennessee's statutorily designated agencies.

89.     Tennessee's statutory and regulatory schemes establish the minimum process that is due before restricting the Plaintiffs' licenses. Tenn. Code Ann. § 63-11-401 *et seq.* (Art Therapists); Tenn. Code Ann § 71-3-501 *et seq* and Tenn. Comp R. & Regs. 0250-04-09-.01 *et seq.* (private child welfare agencies); and Tenn. Comp. R. & Regs. 0250-04-09-.01 *et seq* (Licensed Professional Counselors).

90.     Defendant Morgan's May 2024 letter and the continued imposition of the policy it reflects – that these Plaintiffs are excluded from the ability to provide services to individuals who are or may become parties to Bradley County Juvenile Court – substantially forecloses a range of opportunities previously held by the Plaintiffs essentially depriving them of their livelihood in Bradley County.

91.     The Plaintiffs were entitled to notice and an opportunity to be heard before the infringement of these rights because:

a) The length of the deprivation is permanent and unappealable.

b) There is no legitimate government interest in Defendant Morgan exercising powers over the Plaintiffs' ability to provide licensed services because Tennessee has already delegated that authority to state agencies.

c) The risk of erroneous deprivation is extraordinarily high because Defendant

Morgan acted in the total absence of jurisdiction over the Plaintiffs, by way of an unappealable fiat.

92. The Plaintiffs were not provided with notice or an opportunity to be heard before or after Defendant Morgan restricted their ability to provide services in Bradley County, resulting in a fundamentally unfair process.

## COUNT 4: VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS – "STIGMA PLUS" DEFAMATION
### 42 U.S.C. § 1983
### (All Plaintiffs)

93. Defendant Morgan harmed the Plaintiffs' reputations by disseminating the May 2024 letter containing defamatory statements.

94. The Plaintiffs were entitled to due process because their good names, reputations, honor, and integrity were at stake based on what Defendant Morgan was doing to them.

95. The Plaintiffs all suffered a deprivation of liberty as a result of Defendant Morgan's May 2024 letter because:

a) The nature of their business and occupation relies on working with individuals in Bradley County and the surrounding counties who are involved in court proceedings or who are likely to be involved in custody proceedings.

b) Defendant Morgan's May 2024 letter was directed at attorneys and others who routinely refer clients to family welfare services based on the provider's ability to serve as a witness if needed in future litigation.

c) Defendant Morgan's May 2024 letter and his policies precluding the Plaintiffs from providing services to families involved in Bradley County's Juvenile Court

have eliminated a large portion of the Plaintiffs' client base throughout the region and continue to cause significant and ongoing financial harm.

96. No process whatsoever was provided to the Plaintiffs before making the policy or disseminating the May 2024 letter, in part because Defendant Morgan has no statutory authority to banish licensed service providers from offering services in Bradley County.

97. No process whatsoever was provided to the Plaintiffs after the May 2024 letter, in part because Defendant Morgan has no statutory authority to banish licensed service providers from offering services in Bradley County.

## COUNT 5: DECLARATORY JUDGEMENT
### 28 U.S.C. § 2201, 2202; 42 U.S.C. § 1983
### (All Plaintiffs)

98. For the reasons set forth in all paragraphs above, Plaintiffs Chase, Mayfield, and SFS have suffered and continue to suffer from violations of their federally protected constitutional rights.

99. The Plaintiffs continue to experience adverse effects on their reputations and business based on Defendant Morgan's policies and the May 2024 letter.

100. Plaintiffs request a declaratory judgment as specific, separate, and additional relief for each of the constitutional violations alleged in Counts 1 – 4.

### DAMAGES

101. As a direct and proximate result of the Defendant Morgan's conduct alleged in Counts 1-4, the Plaintiffs have suffered and incurred:

a) Mental and emotional distress;

b) Deprivation of federally protected constitutional rights;

c) Injury to reputation;

d) Humiliation;

e) Loss of income;

f) Past and future medical expenses.

**REQUEST FOR RELIEF**

**WHEREFORE**, these premises considered, the Plaintiffs request:

I. That the Defendant be required to answer this Complaint within the time provided by law;

II. That this case be tried by a jury;

III. That, following an appropriate motion and an opportunity for the Defendant to respond, a preliminary injunction be entered against the defendant's continued imposition of policies precluding the Plaintiffs from providing services (for which they are duly licensed by the appropriate state agencies) to families involved in Bradley County's Juvenile Court.

IV. That a permanent injunction be entered against the Defendant prohibiting him from maintaining policies precluding the Plaintiffs from providing services (for which they are duly licensed by the appropriate state agencies) to families involved in Bradley County's Juvenile Court.

V. That judgement for Plaintiffs enter against the Defendant on each count;

VI. That Plaintiffs be awarded nominal damages for Counts 1-4;

17

VII. That Plaintiffs be awarded compensatory damages in an amount determined by the jury for Counts 1-4;

VIII. That Plaintiffs be awarded punitive damages in an amount determined by the jury for Counts 1-4;

IX. That a declaratory judgment be entered as requested in Count 5;

X. That Plaintiffs be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d);

XI. That Plaintiffs be awarded pre- and post-judgment interest against Defendant;

XII. That Plaintiff be awarded such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*s/ Wesley Clark*
Wesley Ben Clark, #32611
Frank R. Brazil, #34586
Sarah Mansfield, #39476
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
wesley@brazilclark.com
frank@brazilclark.com
sarah@brazilclark.com